IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MICHAEL ELLIS AND LORI KERN, § <br> INDIVIDUALLY AND AS LEGAL HEIRS § <br> OF THE ESTATE OF EMILY ELLIS, § <br> DECEASED; § <br> STEVE BYNUM AND LYNDA BYNUM, § <br> INDIVIDUALLY AND AS LEGAL HEIRS § <br> OF THE ESTATE OF JUSTIN BYNUM, § <br> DECEASED, § <br> § <br> Plaintiffs, § <br> § <br> VS. § <br> § <br> FORD MOTOR COMPANY, § <br> § <br> Defendant. § | | CIVIL ACTION NO. _____ |

## PLAINTIFFS' ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES JUDGE OF SAID COURT:**

COMES NOW, MICHAEL ELLIS AND LORI KERN, INDIVIDUALLY AND AS LEGAL HEIRS OF THE ESTATE OF EMILY ELLIS, DECEASED; STEVE BYNUM AND LYNDA BYNUM, INDIVIDUALLY AND AS LEGAL HEIRS OF THE ESTATE OF JUSTIN BYNUM, DECEASED, (hereinafter referred to as "Plaintiffs"), and respectfully file this Original Complaint against FORD MOTOR COMPANY(hereinafter referred to as "Defendant"), and in support hereof would state and show the following:

### A.  Parties

1. Plaintiff Michael Ellis appears in this action as both the surviving parent and legal heir of the Estate of Emily Ellis.  Michael Ellis resides in and is a citizen of Bullard, Texas.

2. Plaintiff Lori Kern appears in this action as both the surviving parent and legal heir of the Estate of Emily Ellis. Lori Kern resides in and is a citizen of Tyler, Texas.

3. Plaintiffs Steve Bynum and Lynda Bynum appear in this action as both the surviving parents and legal heirs of the Estate of Justin Bynum. Steve Bynum and Lynda Bynum reside in and are citizens of Tyler, Texas.

4. Defendant Ford Motor Company is a foreign Corporation doing business in Texas and service of process upon this Defendant may be had by serving its registered agent for service, CT Corporation at 350 N. St. Paul Street, Dallas, Texas 75201.

## B. Jurisdiction

5. This Court has jurisdiction over the lawsuit under the provisions of 28 U.S.C. Section 1332. The parties to this lawsuit are citizens of different states, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

## C. Facts

6. On or about June 13, 2009, Emily Ellis and Justin Bynum were riding in a 2001 Ford Explorer Sport Trac (VIN#1FMZU67E0IU827725) traveling eastbound on CR 4890, .2 miles east of CR 4860, in Wood County, Texas 8 when control of the vehicle was lost and it ultimately rolled over.

7. Contrary to the police report, the left rear occupant is belted. The latch plate and D-ring have striations and there is corresponding damage to their webbing at the location of the latch plate.

8. Contrary to the police report, there was no occupant in the rear middle seat. There was a person in right rear passenger seat and they too were belted as the buckle has pulled apart, there are latch plate marks, D-ring marks and glass cuts on the webbing.

9. At the time of the accident, Emily Ellis was the rear right seated passenger.

10. At the time of the accident, Justin Bynum was the rear left seated passenger.

11. At the time of the accident, Emily Ellis and Justin Bynum were both properly seated and wearing their 3-point seat belts.

12. Despite being properly restrained, Emily Ellis and Justin Bynum were fatally injured when the vehicle in which they were riding failed to protect them.

## D.  Cause(s) of Action As To Defendant

13. It was entirely foreseeable to and well-known by the Defendant that accidents and incidents involving its vehicles, such as occurred herein, would on occasion take place during the normal and ordinary use of said vehicle.

14. The injuries occurred because the vehicle in question was not reasonably crashworthy and was not reasonably fit for unintended, but clearly foreseeable accidents. The vehicle in question was unreasonably dangerous in the event it should be involved in an incident such as occurred herein.

15. Defendant designed, manufactured, marketed, assembled and tested said vehicle in question to be unreasonably dangerous and defective within the meaning of Section 402(A)Restatement (Second) Torts in that the vehicle was unreasonably

dangerous as designed, manufactured, assembled, marketed and tested for the following reasons:

      a.    the buckle is prone to unlatch;
      b.    the buckle violates principles of crashworthiness by not providing proper restraint;
      c.    the buckle fails to provide proper restraint;
      d.    the buckle violates SAE J4C and FMVSS 209;
      e.    the buckle fails to serve the purpose of a seatbelt buckle;
      f.    the buckle failed to use design features that would have prevented unwanted buckle opening; and/or
      g.    the buckle rendered the other safety systems ineffective.

16. Defendant was negligent in the design, manufacture, assembly, marketing and testing of the vehicle in question.

17. The foregoing acts and/or omissions of Defendant were a producing and/or proximate cause of the Plaintiffs' damages.

18. The foregoing acts and omissions of Defendant were a producing and/or proximate cause of Emily Ellis and Justin Bynum's fatal injuries.

### E. Damages to Plaintiffs

19. As a result of the acts and/or omissions of Defendant, Emily Ellis and Justin Bynum, deceased, suffered physical pain and suffering, anguish and emotional distress prior to their death and these damages survive through their Estates.

20. As a result of the acts and/or omissions of Defendant, Emily Ellis and Justin Bynum, deceased, have suffered a loss of enjoyment of life.

21. As a result of the acts and/or omissions of Defendant, Plaintiffs have become obligated to pay necessary and reasonable funeral and burial expenses for the fatal injuries to, Emily Ellis and Justin Bynum, deceased.

22. As a result of the acts and/or omissions of Defendant, Plaintiffs have suffered extreme emotional distress and mental anguish, loss of consortium, companionship and society in the past and will into the future as a result of the death of Emily Ellis and Justin Bynum.

23. The above and foregoing acts and/or omissions of Defendant, resulting in the fatal injuries to Emily Ellis and Justin Bynum have caused actual damages to Plaintiffs in an amount in excess of the minimum jurisdictional limits of this Court.

### F.  Prayer

24. For the reasons presented herein, Plaintiffs pray that the Defendants be cited to appear and answer, and that upon a final trial of this cause, Plaintiffs recover judgment against Defendants for:

   a. actual damages;
   b. prejudgment and post-judgment interest beginning June 13, 2009;
   c. costs of suit and all other relief the Court deems proper.

Respectfully submitted,

**The TRACY firm**

/s/ E. Todd Tracy
E. Todd Tracy (Lead Counsel)
State Bar No. 20178650
etoddtracy@vehiclesafetyfirm.com
I. Scott Lidji
State Bar No. 24000336
slidji@vehiclesafetyfirm.com
5473 Blair Road, Suite 200
Dallas, TX  75231
(214) 324-9000 Phone
(972) 387-2205 Fax

**ATTORNEYS FOR PLAINTIFFS**